# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### February 25, 2015 Session

## PINNACLE ROOFS PLUS v. WILLIAM MURPHY

**Appeal from the Circuit Court for Davidson County**
**No. 13C3518      Joseph P. Binkley, Jr., Judge**

———————————————————

**No. M2014-01286-COA-R3-CV – Filed April 30, 2015**

———————————————————

Roofing company filed a civil warrant against homeowner for money owed on a written contract after completion of work and homeowner refused to pay. Homeowner countered by filing a civil warrant for breach of contract alleging that roofing company was not licensed as required by Tenn. Code Ann. § 62-6-603 prior to entering into contract. The circuit court found that roofing company was licensed at all material times and awarded a monetary judgment in favor of roofing company. Homeowner appealed. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

William E. Murphy, Lewisburg, Tennessee, Pro Se.

Mark Freeman and Michael A. Wrenn, Nashville, Tennessee, for the appellee, Pinnacle Roofs Plus, LLC.

## MEMORANDUM OPINION[1]

On August 2, 2012, William E. Murphy entered into a tentative agreement (the "Agreement") with Pinnacle Roofs Plus ("Pinnacle Roofs") to repair damage to the roof

---

[1] Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

on his home that was caused by a storm for which he was insured. Notably, the tentative agreement was contingent upon Mr. Murphy's insurance company obtaining an inspection of the roof and approving the cost of the necessary repairs and upon Mr. Murphy's subsequent approval and authorization for commencement of the work.

When the parties entered into the tentative agreement, Pinnacle Roofs was not yet a licensed roofing contractor; however, it received its Home Improvement Contractor License from the State of Tennessee on August 6, 2012, prior to AFG Claims Services, LLC conducting an inspection of Mr. Murphy's roof on August 10, 2012. Mr. Murphy's insurance company approved AFG's report and agreed to the estimate for the costs of repair of $12,046, and Mr. Murphy signed a "Pre-Start Checklist" on August 16 approving the $12,046 budget and authorizing Pinnacle to begin work.

At no time during the work did Mr. Murphy complain to Pinnacle Roofs about the quality or timing of its work. Mr. Murphy forwarded one check from his insurance company to Pinnacle Roofs in the amount of $4,530.23 as a progress payment; however, he later directed his insurance company not to remit any further payments to Pinnacle Roofs, leaving a remaining balance of $7,515.77.

After completion of the work and not receiving the balance of what was owing, Pinnacle Roofs filed a civil warrant in the Davidson County General Sessions Court for the money owed. Mr. Murphy filed his own civil warrant asserting a counterclaim for breach of contract, asserting that Pinnacle Roofs was not entitled to payment pursuant to Tenn. Code Ann. § 62-6-603 because it was not licensed at the time the parties signed the agreement. The court dismissed Mr. Murphy's counterclaim and entered a monetary judgment in favor of Pinnacle Roofs on its claim. Mr. Murphy perfected an appeal from the original claim asserted by Pinnacle Roofs to the Circuit Court of Davidson County; however, he failed to appeal the dismissal of his counterclaim.[2]

Following a bench trial on the original civil warrant, the circuit court found that Pinnacle Roofs had received its Home Improvement Contractor License prior to the inspection and prior to beginning work on Mr. Murphy's roof. The court also found that Pinnacle Roofs had provided all information to Mr. Murphy as required by Tenn. Code Ann. § 62-6-603, and Mr. Murphy did not cancel the agreement as he was entitled to under the statute. Mr. Murphy appeals.

---

[2] Tenn. Code Ann. § 27-5-108 requires an appellant to perfect an appeal within ten days of the entry of the general sessions court's judgment. In order to perfect an appeal from general sessions court to circuit court, the appellant must file both a notice of appeal and a bond with good security within this ten-day period. *Griffin v. Campbell Clinic, P.A.*, 439 S.W.3d 899, 903 (Tenn. 2014). Here, it is undisputed that Mr. Murphy failed to timely appeal the dismissal of his counterclaim. Accordingly, the general sessions court's judgment concerning Mr. Murphy's counterclaim is final. *See Peterson v. Lepard*, No. W2013-00367-COA-R3-CV, 2014 WL 1153266, at *7 (Tenn. Ct. App. Mar. 20, 2014).

## STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is de novo, and we presume that the findings are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *see Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *See Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). A trial court's conclusions of law are reviewed de novo with no presumption of correctness. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997).

## ANALYSIS

Mr. Murphy contends that Pinnacle Roofs is not entitled to payment because it failed to comply with Tenn. Code Ann. § 62-6-603 because it did not have a license at the time they entered into the agreement on August 2, 2012. Pinnacle Roofs insists it was duly licensed at all material times.

Tenn. Code Ann. § 62-6-603 states in pertinent part:

Prior to entering into a contract, a residential roofing services provider shall, in writing, furnish a person with:

(1) The residential roofing services provider's:

(A)  Business mailing address for cancellation purposes;
(B)  Telephone number;
(C)  License or registration number of any contractor, home improvement contractor, or public adjuster license or registration held in this or any other state; and
(D) Electronic mail address or facsimile number for cancellation purposes, if available;

(2) A detailed description of all damage or repairs to be claimed or covered by the contract and the location of such damage;

(3) A written statement in boldface type of a minimum size of ten (10) points, containing language substantially similar to the following:

**You may cancel this contract at any time before midnight on the third business day after you have received written notification**

> **from your insurer that all or any part of the claim or contract is
> not a covered loss under your insurance policy . . .** ; and

> (4) A form in duplicate, captioned "NOTICE OF CANCELLATION",
> attached in an easily detachable manner to the contract . . . .

(Emphasis added).

The trial court found that Pinnacle Roofs received its license at the time of AFG's inspection and prior to Pinnacle commencing its work, provided all information to Mr. Murphy required by the statute, and Mr. Murphy had the option to cancel the contract before signing the Pre-Start Checklist but did not despite receiving the statutory notice of his right to do so.

In analyzing Mr. Murphy's contention, we note that the Agreement entered into between the parties was contingent upon Mr. Murphy's insurance company inspection of the roof and approval of the necessary repairs as well as Mr. Murphy's subsequent approval. Specifically, the Agreement stated that it "is subject to insurance company and Pinnacle Roofs Plus approval. This does not obligate homeowner or [Pinnacle Roofs] unless repairs are approved by Customer's insurance company." It also stated that "the price *agreed to* on scope of loss shall be the final price . . . ." (Emphasis added.) As such, the parties had not agreed on essential terms, including, *inter alia*, price and scope of work, and the price of the repair work was subject to further authorization.

Under Tennessee law, "letters of intent" or agreements that leave substantial and necessary terms open for future negotiation are typically unenforceable. *See, e.g*, *Four Eights, LLC v. Salem*, 194 S.W.3d 484, 486 (Tenn. Ct. App. 2005) ("the parties basically made an 'agreement to agree' to something in the future, and such agreements have generally been held unenforceable, both in this jurisdiction and others"); *Golf Science Consultants, Inc. v. Cheng*, No. 3:07-CV-152, 2009 WL 1256664, at *4 (E.D. Tenn. May 4, 2009). Thus, the parties merely made an agreement to agree, pending the approval of Mr. Murphy's insurance company. By the time Mr. Murphy's insurance company inspected and approved the repairs, Pinnacle Roofs was fully licensed by the State of Tennessee. Therefore, we affirm the award of $7,515.77 in favor of Pinnacle Roofs.

### IN CONCLUSION

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellant, William E. Murphy.

_____
FRANK G. CLEMENT, JR., JUDGE